## GEORGE G. HUNT *vs.* CHARLES H. PIERPONT.

A due bill assigned is a proper subject of charge on book.

Where the assignee of a due bill surrendered it to the maker on the agreement of the latter that the amount might be charged to him on book by the former, it was held that the charge might properly be made and would sustain an action of book debt.

H and S as partners sold certain machinery for making melodeon reeds to P, and at the time of the sale H, knowing the machinery to be defective, represented to P that it was capable of making good reeds, but such representations did not amount to fraud nor constitute a warranty, and the machinery was sold for less than the price of good machinery. H afterwards undertook to manufacture melodeon reeds for P upon the machinery at an agreed price. The reeds when made were defective and unsaleable, partly by reason of the defective character of the machinery and partly by reason of the negligent workmanship of H. In an action brought by H against P to recover the price agreed, it was held that the defendant was entitled to a deduction from the price for defects in the work caused by the negligent workmanship of H, but was entitled to no deduction for imperfections caused by the defective character of the machinery.

BOOK DEBT. The case was referred to an auditor by whom the following facts were found.

The plaintiff manufactured for the defendant, upon machinery owned by the defendant, about 800 sets of melodeon reeds and reed boards, at an agreed price per set, the defendant furnishing the materials. The reeds and boards were defectively made and unsaleable, the defects arising partly from the defectiveness of the machinery of the defendant, and partly through the negligent workmanship of the plaintiff.

Before the reeds and boards were so manufactured by the plaintiff, he and one Phelps had owned the same machinery and had sold it to the defendant. At the time of the sale the plaintiff, who was acquainted with the character of the machinery and knew of its defects, represented to the defendant, who was ignorant of machinery, that it was capable of making good reeds and boards, and the defendant bought it relying on such representation, and gave the plaintiff and Phelps his due bill for $100 in part payment therefor. The machinery was defective and incapable of making good reeds and boards, but the representations of the plaintiff were not of a

character to amount to a fraud or constitute a warranty, and the machinery was sold at a much less price than could have been obtained for good machinery of the same description. Before the suit was brought Phelps had transferred all his interest in the due bill to the plaintiff, and it had been agreed between the plaintiff and defendant that the due bill should be given up to the defendant and the amount charged to him by the plaintiff on his book, which had been done.

The auditor deducted from the claim of the plaintiff a certain sum for the defective character of the reeds and boards manufactured by him, so far as the defects therein were caused by his negligent workmanship, but nothing for defects resulting from the character of the machinery, nor any sum on account of the representations made by the plaintiff to the defendant at the time of the sale, and found the defendant indebted in the sum of $294.31, and if the court should be of opinion that the amount of the due bill was a proper charge on book then in the sum of $394.31.

The defendant remonstrated against the acceptance of the report of the auditor, because no deduction was made for the defective character of the machinery and for the representations of the plaintiff at the time of its sale, and claimed that the due bill was not a proper charge on book.

The court overruled the objections to the report, and was of opinion that the due bill was, under the circumstances, a proper charge on book, and rendered judgment for the plaintiff in the sum of $394.31; whereupon the defendant filed a motion in error.

*Hubbard* and *Barbour*, for the plaintiff in error.

1. The due bill is not a proper charge on book. The action of book debt was created to enable parties to recover for articles sold and delivered in the usual course of business with no evidence other than their own oath. The action arose from a supposed necessity, and to this it should be restricted. The evidence of the party is limited to the quantity, quality, and delivery of the articles charged. *Bradley* v. *Goodyear*, 1 Day, 104. *Weed* v. *Bishop*, 7 Conn., 131. *Terrill* v. *Beech-*

*er*, 9 id., 344. And no charge can be made on book unless the right to charge existed at the time of delivery and arose in consequence of such delivery. Authorities supra. *Phœnix* v. *Prindle*, Kirby, 209. 1 Swift Dig., 582. In this case the sale and delivery of the article was made long before the charge was or could have been made. The due bill was not an article sold and delivered; it had no value except as an evidence of an indebtedness to the firm of Phelps and Hunt. To authorize a recovery in the case much more proof than of the existence, quantity, quality and delivery of goods was necessary, to wit, proof of an assignment by Phelps, and his right to assign, and an agreement of the defendant that it might be charged on book. This proof could not have been made by the evidence of a party before the statute of 1848 allowing interested witnesses to testify; and as neither that statute or any other has enlarged or extended the action of book debt, it must be confined to its original purposes. Nor does the supposed necessity of the action exist in the case of the due bill, for the plaintiff can maintain an action of assumpsit on the original indebtedness in the name of Phelps and Hunt, or in his own name on the promise of the defendant to pay him individually. *Terrill* v. *Beecher*, supra. Book debt and assumpsit are concurrent remedies only in a few instances. 1 Swift Dig., 583. That the parties agreed that the due bill should be charged on book gave the plaintiff no right to so charge it, for they have no power to make the action lie in cases not authorized by law. If they have, damage for trespass, slander or any other wrong, might be charged on book by agreement and recovered in this action.

2. The auditor should have allowed the defendant for defects in the reeds and boards occasioned by the defective character of the machinery, and also for the representations of the plaintiff at the time of its sale to the defendant. The plaintiff was in fault in regard to the defective machinery, he knowing it to be such, and so should suffer for his fault. To make no allowance to the defendant for the defects occasioned by the machinery would render him liable to the plaintiff in a greater amount than he has been benefited, without

any fault on his part. As to the representations of the plaintiff at the time of the sale, they were made by the plaintiff individually and not by the firm of Phelps & Hunt, and it does not appear that Phelps knew of them, or of the defective character of the machinery, while the plaintiff did. The case should therefore stand as if the plaintiff owned the machinery alone, and he having injured the defendant by his misrepresentations should suffer for it.

*Graves*, for the defendant in error.

1. The due bill was properly charged on book. Bills of exchange, orders, bank checks, and promissory notes are, when assigned, charged on book in the regular course of business. 1 Swift Dig., 582. *Storrs* v. *Storrs*, 1 Root, 139. Much more then when the parties have agreed that they should be charged. The defendant was benefited by the agreement, and by it obtained possession of the due bill and a discharge of his indebtedness to the firm of Phelps and ·Hunt. *Clark* v. *Savage*, 20 Conn., 258. *Spear* v. *Peck*, 15 Verm., 566. *Eaton* v. *Whitcomb*, 17 id., 641.

2. The auditor committed no error in not reducing the plaintiff's claim because of defects in the work which were caused by the machinery. That belonged to the defendant, and for its defects he alone is responsible. An allowance was made for the defects occasioned by the negligent workmanship of the plaintiff, and that is all the defendant could ask. Nor should the auditor have allowed any recoupment or set-off because of the misrepresentations of the plaintiff at the time of the sale of the machinery. That transaction was between other parties and had no connection with the subject matter of this suit. The representations were by Phelps & Hunt as partners, and any claim the defendant may have on their account is a joint one against them as partners, and can not be set off in a suit by one of them, the parties being different. *Atkins* v. *Churchill*, 19 Conn., 394. Damage for false representations is all that the defendant can claim. and from the very nature of the transaction those damages must be unliquidated and therefore can not be the subject of set-

off or recoupment. 2 Pars. on Cont., 245 and note. But there is nothing to set off. The representation did not amount to a fraud nor constitute a warranty, and the machinery. was sold at a reduced price, so that the defendant has no claim for damages against any party.

HINMAN, J. This is a motion in error from the judgment of the superior court. The original action was book debt, and one item of the account for which the plaintiff recovered was for a due bill originally given to the plaintiff and one Phelps as partners. Phelps had transferred all his interest in it to the plaintiff, who thus became its sole owner, and on the 21st of March, 1857, he delivered it to the defendant, under an agreement that it should be charged on book, which was accordingly done. Money, bills of exchange, orders, bank checks, and promissory notes, when assigned, are, says Judge Swift, (1 Dig., 582,) charged on book, in the regular course of business. And we believe our practice for a great many years to have been uniform, and in conformity to this remark. But we see no substantial difference in prin-ciple, in respect to the right to charge on book, between a due bill and a note or order. All these instruments are evidences of debt, and the fact that some of them contain an express promise to pay does not distinguish them in principle from instruments which raise a promise by implication. The fact that the due bill was originally due to the plaintiff and another, and that, had a suit been brought on it, it must have been brought in the names of the parties to whom it was payable, does not alter the case. In this respect it was like a non-negotiable note in the hands of an assignee. He could only sue it in the name of the promisee, but the surrendering it to the maker on his promise to pay the amount, or on an agreement to charge it on book, would give a right of action to the assignee in his own name. 1 Swift Dig., 438. Virtu-ally, such assignee is a purchaser of the note. But the note being only the evidence of indebtedness to the payee, he is, therefore, virtually the purchaser, not of the paper merely, but of the debt evidenced by it, as is also the purchaser or

assignee of any other non-negotiable security. *Wilton* v. *Scott*, 4 Conn., 527. As such purchaser of this due bill, the defendant was fairly indebted to the plaintiff for the amount due upon it. The sale and delivery of it to the defendant operated as payment, or to extinguish it as a subsisting debt to Phelps and Hunt, and this of course was a good consideration, either for an express promise to pay the amount to the plaintiff, or for an agreement that it should be charged on book. We are satisfied, therefore, that the court decided correctly on this point.

While Phelps and Hunt were in partnership they sold certain machinery to the defendant, and a portion of the plaintiff's account was for work afterwards done with this machinery. There was no fraud and no warranty of the machinery on this sale, and it was sold for less than the cost of good machinery, of that description. The plaintiff however had represented that it would make good work; still, the work for which he claimed to recover was defective, and not readily saleable in the market, which was in part owing to the nature of the machinery, and in part to the plaintiff's negligent workmanship. A deduction was made for the plaintiff's negligent workmanship, but none on account of the character of the machinery. We think this was correct. Any claim of the defendant growing out of the purchase of this machinery must have been against both Phelps and Hunt, and therefore not the subject of set-off against Hunt alone; and being, moreover, for unliquidated damages entirely, was not the subject of a charge on book. But the machinery was the defendant's. The finding that there was no fraud, and no warranty on the sale of it, puts this point beyond dispute. The goods then, being manufactured for the defendant, by means of machinery furnished by him, he alone must suffer for any failure in it to make good work. The law will not notice any words of commendation, not amounting to fraud or warranty, which the plaintiff used in order to effect a sale of it. As such words lay no foundation for an action, so they can not amount to a defense to an action; and it can make no difference, in this respect, that the

plaintiff's claim is for work done with this machinery. If the plaintiff knew the character of the machinery and did not inform his employer of it, that, under some circumstances, might amount to negligence in the performance of the work; but any claim growing out of unskillful or negligent workmanship was considered by the auditor, and allowed in reduction of the amount which otherwise the plaintiff would have been entitled to recover, under the contract, as the stipulated price for the work performed. We think this all that the defendant had a right to claim, and we do not, therefore, find any error in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed.